UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No.: 3:20-cv-01043-AHG <br><br> **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)** <br><br> **[ECF No. 16]** |

Before the Court is Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b). ECF No. 16. For the reasons set forth below, the Court **GRANTS** the motion.

**I.   BACKGROUND**

Plaintiff Joseph S. ("Plaintiff") filed this action on June 8, 2020, seeking review of the Commissioner of Social Security's ("Commissioner") denial of his application for social security disability and supplemental security income benefits. ECF No. 1. The parties consented to proceed before a Magistrate Judge on June 15, 2020. ECF No. 4. The

Court set a scheduling order, requiring formal settlement discussions, a Joint Status Report be filed by March 22, 2021, and a Joint Motion for Judicial Review of Final Decision of the Commissioner of Social Security ("Joint Motion for Judicial Review") be filed by June 22, 2021. ECF No. 9. On March 16, 2021, the parties filed their Joint Status Report, stating that "Defendant was unable to stipulate to a voluntary remand." ECF No. 10. On June 1, 2021, instead of filing the Joint Motion for Judicial Review, the parties filed a joint motion for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g), which sought a remand and entry of judgment in favor of Plaintiff. ECF No. 11. On June 2, 2021, the Court granted the joint motion, remanded the case to the Commissioner of Social Security for further administration action, and entered a final judgment in favor of Plaintiff and against Defendant, reversing the final decision of the Commissioner. ECF No. 12. A Clerk's Judgment was entered on June 2, 2021. ECF No. 13. On remand, the Commissioner awarded Plaintiff $48,633.00 in total past due benefits. ECF No. 16 at 3; ECF No. 16-1. On September 2, 2021, pursuant to a joint motion, this Court awarded Plaintiff $7,000.00 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 15; ECF No. 14 (jointly requesting that Plaintiff's counsel receive $207.78 per hour for 38.20 hours of work performed, with the total request discounted to $7,000.00).

In the instant motion, Plaintiff's counsel seeks an order awarding Martha Yancey, Esq. (Plaintiff's counsel) attorney fees in the amount of $12,158.25 for representing Plaintiff in this action, offset by the $7,000.00 in EAJA fees awarded by the Court, for a net award of $5,158.25. ECF No. 16 at 5; *see id*. ("Plaintiff additionally requests that the Court approve a 'net' award of $5,158.25 with a $7,000.00 credit for EAJA fees previously received"); *id*. at 1 ("the Agency has indicated that it only withheld $6,158.25 from Plaintiff's past due benefits" for attorney fees) (citing ECF No. 16-1 at 3). Plaintiff does not oppose his counsel's request. ECF No. 19. The Commissioner has taken no position on the reasonableness of counsel's request. *See* ECF No. 17 at 2 (setting October 11, 2023, as the deadline for the Commissioner to file a response to Plaintiff's counsel's motion).

## II.     LEGAL STANDARD

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting 42 U.S.C. § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable[1] for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness[.]'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). When determining reasonableness of the fee award, courts must consider "whether the amount need be reduced, not whether the loadstar amount should be enhanced." *Crawford*, 586 F.3d at 1149. While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits

---

[1] The Court notes that the lodestar calculation does not apply to the instant motion. *See Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"); *see also Crawford*, 586 F.3d at 1148 ("SSDI attorney[] fees, in contrast, are not shifted. They are paid from the award of past-due benefits and the amount of the fee, up to 25% of past-due benefits, is based on the agreement between the attorney and the client."); *see, e.g.*, *Shultz v. Comm'r of Soc. Sec.*, No. 17cv1823-CAB-MDD, 2020 U.S. Dist. LEXIS 147006, at *3–*4 (S.D. Cal. Aug. 14, 2020) (not applying the lodestar calculation, when the motion was not opposed by the Commissioner or plaintiff); *Berry v. Saul*, No. 16cv1700-MMA-AGS, 2019 WL 6467807 at *2 n.2 (S.D. Cal. Dec. 2, 2019) (same).

that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

Finally, "an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

## III.  DISCUSSION

On June 6, 2020, Plaintiff and Ms. Yancey entered into a Federal Court Fee Contract for SSI/Social Security Disability ("Agreement"). ECF No. 16-3. Pursuant to the Agreement, Plaintiff agreed to pay counsel a contingency-fee of up to 25% of past-due benefits awarded by the Commissioner. *Id.*[2] The administrative proceedings became final on August 22, 2023, when the Social Security Administration issued its Notice of Award. *See* ECF No. 16-1 at 1. Plaintiff's counsel seeks a total award of $12,158.25 in attorney fees and bases this fee on 25% of the net payable past due benefits. ECF No. 16 at 1; *see* ECF No. 16-1 (awarding Plaintiff $48,633.00 in total past due benefits). Counsel argues that the amount sought in the instant motion "is reasonable and in line with the cap set by Congress," considering counsel expended 38.20 hours in the representation of Plaintiff in this matter through the entry of the order of remand. *Id*. at 4. Additionally, if granted by the Court, this award would then be further reduced by the $7,000.00 that has already been received in attorney fees under the EAJA. *Id*. at 2 (crediting the amount of $7,000.00 for the EAJA fees, for a net award of $5,158.25).

Upon careful review of the documents submitted, and the applicable law, the Court finds that counsel's fee request is reasonable. Plaintiff's counsel expended 38.20 hours on

---

[2] As an initial matter, the Court notes that the contingency fee agreement between Plaintiff and her counsel is within the statutory ceiling. *Compare* 42 U.S.C. § 406(b)(1)(A)) *with* ECF No. 16-3.

this case.[3] *Id*. at 12. The *de facto* hourly rate is $318.28,[4] which falls on the low end of the range that has been approved by courts in similar cases, including in this district. *See Crawford*, 586 F.3d at 1153 (approving *de facto* hourly rates of $519, $875, and $902 in 2009); *Kikkert v. Berryhill*, No. 14cv1725-MMA-JMA, 2018 WL 3617268, at *2 (S.D. Cal. July 30, 2018) (approving *de facto* hourly rate of $943.55); *Martinez v. Berryhill*, No. 13-cv-272-JLS-JLB, 2017 WL 4700078, at *3 (S.D. Cal. Oct. 19, 2017) (approving *de facto* hourly rate of $886.52); *Likens v. Colvin*, No. 11-CV-0407-LAB-BGS, 2014 WL 6810657, at *2 (S.D. Cal. Dec. 2, 2014) (approving *de facto* hourly rate of $666.68); *Sproul v. Astrue*, No. 11-cv-1000-IEG-DHB, 2013 WL 394056, at *2 (S.D. Cal. Jan. 30, 2013) (approving *de facto* hourly rate of $800).

Moreover, "the Court finds that Plaintiff's counsel assumed a substantial risk of not recovering attorney[] fees. At the time that Plaintiff and his counsel signed the contingency fee agreement, Plaintiff had an unfavorable ruling from the ALJ and had just filed this action for judicial review." *Shultz*, 2020 U.S. Dist. LEXIS 147006, at *5–6; *see also Moreno v. Berryhill*, No. 13-cv-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("[c]ounsel assumed the risk of nonpayment inherent in a contingency agreement, [and] and the fee does not exceed … the 25 percent statutory cap[.]").

Plaintiff's counsel has also submitted a billing statement detailing the work performed to litigate this case in federal court. ECF No. 16-5. There is nothing in the record to suggest substandard performance by counsel, or that counsel delayed this litigation in

---

[3] While every case is different, the amount of time spent on this case (38.20 hours) are similar to other cases. *See, e.g.*, *Mendoza v. Saul*, No. 18cv925-SKO, 2020 WL 406773, at *4 (E.D. Cal. Jan 24, 2020) (finding that 32.4 hours billed by plaintiff's counsel a reasonable number of hours); *Dean v. Astrue*, No. CIV-S-07-0529-DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding that 41 hours billed by plaintiff's counsel a reasonable number of hours, noting it was at the upper end, where parties stipulated to remand shortly after plaintiff had filed her motion for summary judgment).

[4] The *de facto* hourly rate is calculated by dividing the $12,158.25 fee requested by 38.20 hours.

order to amass more in potential fees. As a result of counsel's work, Plaintiff received a favorable decision and a significant award of past-due benefits. Thus, none of the factors outlined in *Gisbrecht* favor reducing the fee award, and the Court concludes that counsel's request for attorney fees is reasonable and that it does not constitute a "windfall" to Plaintiff's counsel. *See Gisbrecht*, 535 U.S. at 808.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. §406(b). ECF No. 16. The Court **AWARDS** Martha Yancey, Esq. § 406(b) attorney fees in the amount of $12,158.25.

As discussed above, Ms. Yancey previously received an EAJA fee award of $7,000.00, (*see* ECF No. 15), and "an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796 (internal alterations omitted). Accordingly, counsel requests that the Court authorize a "net" award payment of $5,158.25 to Ms. Yancey out of Plaintiff's past-due benefits, which, when coupled with the $7,000.00 EAJA fee previously awarded to Ms. Yancey, would amount to the total authorized § 406(b) attorney fee award of $12,158.25. ECF No. 16 at 5. In other words, Plaintiff's past-due benefits will be "increased by the EAJA award" of $7,000.00. *Id*. The Court finds this request is consistent with offset process described by the Supreme Court in *Gisbrecht* and will thus grant it. The Commissioner is **DIRECTED** to certify payment of a fee award of **$5,158.25**, made payable to Martha Yancey, Esq., out of Plaintiff's past-due benefits in accordance with agency policy.

**IT IS SO ORDERED**.

Dated: October 23, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge